UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENE A. TROTMAN | : | No. 3:11-cv-2003 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES AIR FORCE and UNITED STATES ARMY, | : | |
| Defendants. | : | April 2, 2012 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants United States Air Force and United States Army, through their undersigned counsel, hereby answer the Complaint and set forth their affirmative defenses as follows:

The first and second unnumbered paragraphs of the Complaint contain Plaintiff's characterization of his action, which do not require a response. To the extent a response is deemed required, Defendants admit only so much of those paragraphs as allege that Plaintiff is a veteran of the United States Air Force; that he submitted to Defendants, through his counsel, requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. ¶ 552 et seq. in or about November 2011; and that Defendants have not provided records requested by the Plaintiff. The remaining allegations in the unnumbered paragraphs are denied.

1. This paragraph contains Plaintiff's further characterization of his action and contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in the paragraph.

2. This paragraph contains Plaintiff's further characterization of his action, which does not require a response. To the extent a response is deemed required, Defendants admit only that Plaintiff has requested records that include those pertaining to his

confinement at the brig at Fort George G. Meade from on or about August 1, 1973 to on or about October 15, 1973.  Defendants deny any remaining allegations in this paragraph.

3. This paragraph summarizes Plaintiff's claim of jurisdiction, conclusions of law which do not require a response.

4. This paragraph summarizes Plaintiff's claim of venue, conclusions of law which do not require a response.

5. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Defendants are without knowledge or information sufficient to admit or deny the allegations in this paragraph.

14. Defendants admit the first sentence of this paragraph, except the assertion that Plaintiff's FOIA request was "fully executed," which is denied, and except that Defendants are without knowledge or information sufficient to admit or deny the allegation that Plaintiff is seeking support for a service-connected disability claim. The second sentence of this paragraph is plaintiff's characterization of his FOIA

request which speaks for itself.  Defendants admit the third sentence of this paragraph.

15. Admitted.

16. Defendants admit the first sentence of this paragraph except the assertion that Plaintiff's FOIA request was "fully executed," which assertion is denied.  The second sentence of this paragraph is plaintiff's characterization of his FOIA request which speaks for itself.  Defendants admit the third sentence of this paragraph.

17. Admitted.

18. Admitted.

19. Admitted.

20. Defendants admit the first phrase of this one-sentence paragraph. The second phrase of this paragraph is a legal conclusion, which does not require a response; to the extent a response is deemed required, the Defendants deny the allegations in the second phrase.

21. This paragraph contains conclusions of law, which do not require a response.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

22. This paragraph contains conclusions of law, which do not require a response.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

The remainder of the Complaint constitutes Plaintiff's "Request for Relief," which does not require a response.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to exhaust administrative remedies.

### Second Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

Wherefore, having fully answered Plaintiff's Complaint, Defendants pray that the same be dismissed and that the Court grant Defendants such further relief as may be just and proper.

>David B. Fein
>United States Attorney
>
>*/s/ Lisa E. Perkins*
>Lisa E. Perkins (ct23164)
>Assistant United States Attorney
>U.S. Attorney's Office
>450 Main Street, Room 328
>Hartford, CT 06103
>Tel: (860) 947-1101
>Fax: (860) 760-7979
>Email: lisa.perkins@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2012, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Lisa E. Perkins*
>Lisa E. Perkins
>Assistant United States Attorney