# U.S. EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENE A. TROTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:11-cv-2003 |
| ) | |
| UNITED STATES AIR FORCE and ) | |
| UNITED STATES ARMY, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF MICHELLE KARDELIS

I, MICHELLE KARDELIS, declare that:

1. I am currently the Chief of the Freedom of Information Act and Privacy Act Division, U.S. Army Criminal Investigation Command ("USACIDC") Crime Record Center ("USACRC") headquartered at 27130 Telegraph Road, Quantico, Virginia 22134. I have served in this position for approximately four years.

2. Because of my official duties and past experience with FOIA requests, responses, and denials in the FOIA/PA Office, I am familiar with the procedures adhered to in responding to requests for information from USACIDC's and USACRC's files, received pursuant to FOIA. All information herein contained is based upon information furnished to me in my official capacity and upon my personal review and supervision of the searches conducted. Specific information relating to referenced databases and search capabilities for those databases was provided to me in my official capacity.

1

**U.S. EXHIBIT 1**

3. The USACRC is the record holding facility for the USACIDC, which is the Army command responsible for investigating serious crimes whenever an Army interest exists and jurisdiction has not been reserved to another agency. The USACRC retains criminal reports of investigation ("ROI") and Military Police Reports ("MPR") for the U.S. Army. The USACRC is not a records repository for all military offenses.

4. In my current capacity as Chief of the Freedom of Information Act and Privacy Act Division, I administer the agency's programs established pursuant to the Freedom of Information Act, 5 U.S.C. §552, ("FOIA") and the Privacy Act, 5 U.S.C. §552a, ("PA") and supervise the personnel assigned to the Freedom of Information Act and Privacy Act Division at USACRC. My responsibilities include review of FOIA and PA requests for records located at USACRC, its field offices, and its offsite storage facilities. I also review files prepared in conjunction with those requests, the correspondence related to those requests, searches conducted in response to those requests, and the preparation of responses to those requests to ensure that determinations to withhold or to release records are made in accordance with the FOIA; the PA; DoD 5400.7-R, the Department of Defense Freedom of Information Act Program; DoD 5400.11-R, the Department of Defense Privacy Program; and 32 C.F.R. §518.

5. Normally upon receipt of a FOIA request, searches are conducted of paper, electronic and archived records, and files of USACIDC and law enforcement databases. Those databases include:

a) The Army Criminal Investigation Criminal Intelligence System (ACI2). This is a system run by the USACIDC. It contains Reports of Investigation (ROIs) only. There are no exhibits to the ROIs or signed reports. The system contains records dating from 1987.

b) The Centralized Operations Police Suite (COPS). This is a system run by the Office of the Provost Marshall General which contains several modules (e.g. vehicle registration). Of those modules, one contains Military Police Reports (MPRs). It contains MPRs from 2004 to the present.

c) The Defense Central Index of Investigations (DCII). This system is run by Defense Criminal Investigative Service (DCIS). This system maintains a list of reports on individuals that were either the subject of an investigation or a victim, across the Department of Defense, but not the actual reports. It provides a case number, but a person seeking a record would have to go to the agency that maintains the investigation for the actual report. Army records in DCII begin in 1959 and continue to present.

d) The Automated System Crime Record Center (ASCRC). This system is run by the USACIDC and has limited partial data from Criminal Investigation Division (CID) Reports of Investigation (ROIs) and Military Police Reports (MPRs). Like DCII, this system essentially points a user to an agency that maintains actual reports. For example, one could find case numbers, individuals and their status as victim or subject, but not specific offense relationships. Records begin in 1971 and continue to present.

6. Records at this Center are Criminal Investigative and Military Police Reports and are indexed and searchable by personal identifiers such as names, social security numbers, dates and places of birth and other pertinent data to enable the positive identification of individuals.

7. On January 11, 2012, the Army Litigation Division forwarded me a copy of the complaint filed in District Court in the above-captioned case along with the FOIA request that is the subject of the complaint. Litigation Division asked that this office complete a search for

3

records responsive to the subject request. I supervised a search of the above described databases (DCII, ACI2, COPs and ASCRC) using the name Gene A. Trotman and his SSN. No records were found.

8. THE USACRC does not maintain rosters of individuals who have worked at confinement facilities or individuals who have been confined in confinement facilities. Likewise, the USACRC does not maintain records pertaining to admission procedures to a confinement facility, housing classifications, mail, visitor information, medical care, discipline records or release procedures from a confinement facility. Nor does it maintain maps or blueprints of confinement facilities.

9. Lastly, I suggested that Litigation Division search for responsive records at the National Personnel Records Center (NPRC) and The US Disciplinary Barracks (USDB) at Fort Leavenworth. At Litigation Division's request, I drafted referrals to those entities and requested searches of their records.

10. Although not required by the FOIA, I supervised an internet search for the Military Police Unit that ran the confinement facility on Fort Meade in 1973 by using Google as the search tool using key words to narrow the scope of the search to produce relevant responses. This internet search showed that the 437th MP Company under 519th MP Battalion ran the confinement facility on Fort Meade in 1973. The unit was subsequently moved to Fort Polk. I provided this information to Litigation Division to in turn provide to the NPRC in order to search for responsive records. The NPRC searched for records and provided to Litigation Division DA Form 1's, "morning reports," from the MP unit that oversaw the Fort Meade Confinement facility at the time in question. The NPRC's search is detailed in a separate declaration.

4

11. The USDB responded that as Mr. Trotman was never confined there, they had no responsive records. This search included a search of the Directorate of Inmate Administration at Fort Leavenworth, KS. The USDB search was conducted by the Disclosure Request Coordinator. The USDB search is detailed in a separate declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of June 2012.

_Michelle Kardelis_
Michelle Kardelis

5